Richard W. Wallach, J.
An unfortunate error of plaintiffs counsel in this landlord-tenant nonpayment proceeding has now posed a difficult question as to the outer reaches of this court’s jurisdictional powers.
This saga began with a successful rent strike, so successful, in fact, that the landlord, unable to meet expenses, lost the building. For want of a building, the landlord-tenant relationship was lost, and for want of such, the several tenants moved before me on January 20, 1975, to dismiss the proceedings. The motion was granted the same day.
The only agitation on the motion to dismiss concerned the disposition of an escrow deposit in the sum of $6,500. It appeared that the eighteen tenant respondents, represented then and now by the Legal Aid Society, had been paying their rents into the Society’s special account for some time (apparently the average rental is about $55 per month). Landlord’s counsel, while acknowledging that dismissal was inevitable, sought to hold the fund intact until another day in court might be had. Legal Aid strongly opposed this relief, and questioned the court’s jurisdiction to make any direction post dismissal of the proceeding.
My order of dismissal reads in pertinent part as follows:
"Motion to dismiss granted upon condition that present escrow fund in Legal Aid hands be maintained for 20 days to permit possible alternative relief to petitioner in a plenary action ” (emphasis now added).
Apparently those last underscored words were as mystifying to plaintiffs counsel as the identity of the judge. (I am *327 referred to as Judge Shorter throughout plaintiffs moving papers). Ignoring the court’s direction and on the nineteenth day he moved by order to show cause in the present dismissed proceeding for the following relief: (1) an order directing Legal Aid to retain the funds, or (2) in the alternative directing them to pay the funds into court. The fund is still intact by virtue of a stay contained in the order to show cause.
The attachment of a condition to the original order of dismissal, so that jurisdiction in the court was nonetheless maintained, is not without authority (State v Myers, 83 Ohio App 469). But what now? Should the court exert itself to maintain this fund? Secondly, does the court have jurisdiction now to do so?
Strong equities dictate the preservation of the fund intact. The history of the litigation shows successive adjournment applications which were granted because the rents were supposedly secured to abide the ultimate outcome. Part of the present papers is a revealing affirmation dated August 28, 1974, by Nancy E. Biberman, Esq., a Legal Aid Society attorney, in which she states that she "can only apologize both to my adversary and to this Court for the delay in procuring from the Tenants’ Association an exact accounting of the amounts received from each tenant.” Respondents’ representations as to the existence of the escrow fund has induced judicial action and reliance to the extent of granting adjournment applications. Those adjournments resulted in ultimate dismissal of the proceeding. Legal Aid, the erstwhile vigilant custodian of the fund, now urges its dissolution, and imposition upon landlord of the task of pursuing eighteen separate defendants to collect against each an average sum of approximately $360.
The court is well aware that serious defenses to recovery of these rentals may be interposed; they can and should be litigated in a plenary action. What the court is here concerned with, however, is avoidance of collection expense so great as to deter and even defeat the presentation of those issues.
I now address the more vexing question of the court’s power to remedy this situation, and I answer in the affirmative.
Unquestionably the parties and their counsel are still before the court, if only held there by the attenuated thread of the order to show cause. It has been held that once jurisdiction has been acquired it cannot be divested by cunning and artifice (Werblowsky v Werblowsky, 71 NYS2d 844, affd. 272 *328 App Div 801). All the more it should not be subject to divestiture through the less egregious circumstance of innocent negligence. Where ambiguity existed in a stipulation of settlement casting doubt on the court’s continuing jurisdiction, a receiver has been ordered to hold moneys collected by him "pending final determination of the correctness and validity of the stipulation and the rights of the parties” (Bloom v Bloom, 36 AD2d 578, 579; emphasis added).
Nothing in the foregoing should be construed as constituting the slightest criticism of the Legal Aid Society in seeking leave to distribute the funds to its clients. Such effort is in proper discharge of its duty under Canon 7 of the Code of Professional Responsibility to represent a client zealously. However it is the responsibility of the court to harmonize the legitimate pursuit of that canon with the interests of justice.
Accordingly, plaintiff’s motion is granted to the extent of directing the Legal Aid Society to maintain the fund intact for twenty additional days from the date of filing of this order so as to enable plaintiff to institute an appropriate plenary action, which might well be an action for injunctive and declaratory relief in the Supreme Court denominating the Society as a defendant. If such should eventuate, the Society could cast off what might be an unwelcome role simply by then depositing the fund with the Clerk of the Supreme Court.